UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JOSHUA WILLIAMS** | * | **CIVIL ACTION NO.  13-1106**<br>Section P |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN JERRY W. GOODWIN, ET. AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a motion for class certification [doc. # 35] filed by pro se plaintiff Joshua Williams.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the District Court referred the motion to the undersigned magistrate judge for report and recommendation.  For reasons explained below, it is recommended that the motion be DENIED.

<u>Background</u>

Joshua Williams is an inmate in the custody of Louisiana's Department of Corrections (DOC), incarcerated at the David Wade Correctional Center (DWCC), Homer, Louisiana.  On April 3, 2013, he and other similarly situated inmates filed a civil rights complaint pursuant to 42 U.S.C. § 1983 complaining about the conditions of confinement at that institution.  The complaint named numerous defendants including DWCC's Warden, Jerry Goodwin, and unnamed members of the medical, mental health, social work, classification, and security staffs at DWCC.  Plaintiffs prayed for declaratory judgment, injunctive relief, compensatory, and punitive damages.

On April 30, 2013, the court severed the plaintiffs' respective claims, noting that despite some commonality, the plaintiffs did not assert the same claims arising out of the same facts. (April 30, 2013, Mem. Order [doc. # 10]).  Pursuant to court order, Williams twice amended his

complaint to assert claims against named defendants.  *See* Compl. & Amend. Compl.  [doc. #s 26 & 32].  On February 7, 2014, this court completed its initial screening pursuant to 28 U.S.C.§§ 1915 and 1915A, and ordered service on defendants.  (Feb. 7, 2014, Mem. Order [doc. # 34]). On March 4, 2014, plaintiff filed the instant motion for class certification under Rule 23(b)(2).

## Analysis

Under Rule 23 of the Federal Rules of Civil Procedure, one or more members of a prospective class may sue as a representative on behalf of all other members only if the proposed representative(s) meets certain conditions.  Determining the propriety of class certification is a two stage inquiry.  The first stage centers upon whether the case satisfies the prerequisites for *any* class action set out in Fed.R.Civ.P. 23(a).  The second stage involves a determination of whether the case falls within the definition of *one* of the particular types of class actions set out in Fed.R.Civ.P. 23(b).

Pursuant to Rule 23(a), all class actions must satisfy the following prerequisites:

1. the class is so numerous that joinder of all members is impracticable [i.e. numerosity];

2. there are questions of law or fact common to the class [i.e. commonality];

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e. typicality]; and

4. the representative parties will fairly and adequately protect the interests of the class [i.e. adequacy of representation].

Fed.R.Civ.P. 23(a).

All four of Rule 23(a)'s requirements must be met.  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).  These prerequisites must be rigorously analyzed by the district court.  *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996); *Spence v. Glock*, 227 F.3d 308 (5th Cir. 2000).  The party seeking certification bears the burden of proof.  *Id.*

Here, plaintiff has failed to establish one or more of Rule 23(a)'s prerequisites. Initially, the court already has determined that these related cases are not sufficiently common to permit plaintiffs to proceed in one action. (April 30, 2013, Mem. Order [doc. # 10]). *A fortiori*, the claims are not sufficiently related to support class certification. Moreover, plaintiff has not demonstrated that the class of putative plaintiffs is so numerous that a class action suit would be the only adequate manner to resolve the claims. Presumably, all of the inmates at the DWCC were aware of the litigation and those who wished to participate in the litigation were afforded the opportunity to file separate suits on their own behalf.

Also, plaintiff makes no effort to demonstrate that he would be an adequate representative. The Fifth Circuit has recognized that "[t]he adequacy requirement mandates an inquiry into [1] the zeal and competence of the representative's counsel and . . . [2] the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees[.]" *Berger*, 257 F.3d at 479 (citation omitted). Furthermore, "it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *Id.* at 482-83 (citation omitted). Thus, the class representative must possess a sufficient level of knowledge and understanding to be capable of "controlling" or "prosecuting" the litigation. *Id*. (citation omitted).

Courts have recognized, however, that a pro se prisoner is not adequate to represent the interests of his fellow inmates in a class action. See *Caputo v. Fauver*, 800 F. Supp. 168, 169–170 (D. N.J. 1992); *Fymbo v. State Farm Fire & Casualty Co.,* 213 F.3d 1320, 1321 (10th Cir.2000); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *Ethnic Awareness Org. v. Gagnon,* 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Wright, Miller & Kane, Federal Practice and Procedure 2d: Civil* § 1769.9, n. 12; *see also McGrew v. Texas Bd. of Pardons & Paroles,*

3

47 F.3d 158, 162 (5th Cir.1995).  As another judge of this court has observed,

> [b]ecause a lay person ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts usually will not certify a class represented by a pro se litigant. Ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others.

*James v. Corr. Corp. of Am.*, Civ. Action No. 08-0918, 2011 WL 6965799, *1, n1 (W.D. La. Dec. 7, 2011) *report and recommendation adopted,* 2012 WL 45410 (W.D. La. Jan. 9, 2012) (citations omitted).

Having determined that plaintiff does not satisfy all of Rule 23(a)'s prerequisites, progression to the second stage is superfluous.  Nonetheless, the court further observes that plaintiff has not satisfied the requirements for Rule 23(b)(2) which mandate that "(1) the class members must have been harmed in essentially the same way . . . [and] (2) the injunctive relief sought must be specific."  *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 845 (5th Cir. 2012) (internal citations and quotation marks omitted).  As the Supreme Court remarked,

> [t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.  In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Wal-Mart Stores, Inc. v. Dukes*, ____ U.S. ____, 131 S. Ct. 2541, 2557 (2011) (emphasis in original) (internal quotation marks and citations omitted).

In the instant case, plaintiff requested compensatory damages, which presumably will be tailored to his own individual damages.  Rule 23(b)(2), however, does not authorize a combination of individualized *and* classwide relief.  *Dukes, supra*.  Moreover, even if (because of the administrative exhaustion requirement), plaintiff's claims on behalf of the proposed class

4

were necessarily limited to prospective injunctive relief,[1] plaintiff has not demonstrated that all members of the proposed class are similarly situated such that the requested relief would benefit all equally. *See e.g.*, *Stukenberg, supra* (prospective class deficient for attempting to aggregate a plethora of discrete claims challenging varying aspects of foster care system into one "super-claim").

In sum, plaintiff has not met his Rule 23 burden.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion for class certification [doc. # 35] filed by pro se plaintiff Joshua Williams be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[1] *See Lineberry v. Lappin*, Civ. Action No. 06-1326, 2007 WL 891237 (N.D. Tex. Mar. 22, 2007).

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 11th day of August 2014.

　　　　　　　　　　　　　　　　　　／s／ Karen L. Hayes
　　　　　　　　　　　　　　　　　　KAREN L. HAYES
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE